UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JOHN CATHEY,<br>　　Plaintiff<br>vs.<br>　<br>RICHARDSON RICHARDSON<br>BOUDREAUX KEESLING, PLLC and<br>DAVID R. KEESLING,<br>　　Defendants | §<br>§<br>§<br>§   NO:   WA:14-CV-00224-WSS<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

NOW COMES **JOHN CATHEY, Plaintiff**, and files this Second Amended Original Complaint[1] complaining of **RICHARDSON RICHARDSON BOUDREAUX KEESLING, PLLC and DAVID R. KEESLING, Defendants**, and for cause of action would show the Court the following:

**DISCOVERY**

1. On June 16, 2014, the Court issued a scheduling order controlling disposition of this case. Discovery in this case will be conducted in accordance with the Scheduling Order and the applicable rules of procedure and local rules.

**PARTIES**

2. Plaintiff John Cathey is an individual who resides at 2839 Wooded Acres, Waco, Texas 76710.

---

[1] Plaintiff notes that the deadline to file motions for leave to file amended pleadings under the Court's June 16, 2014, Scheduling Order was November 13, 2014; however, the Court's Order of January 15, 2015 (Doc. 39), granted Plaintiff an opportunity to amend his Complaint in response to Defendant Keesling's Motion to Dismiss Plaintiff's fraud claim.

3. Defendant Richardson Richardson Boudreux Keesling, PLLC ("RRBK") is an Oklahoma Professional Limited Liability Company located at 7447 South Lewis Avenue, Tulsa, Oklahoma 74136-6808, and will be served through its attorney of record, Greg K. Winslett.

4. Defendant David R. Keesling ("Keesling") is an individual who will be served through his attorney of record, Bruce A. Campbell.

## JURISDICTION AND VENUE

5. On June 13, 2014, Defendants filed a Notice of Removal in this Court, removing the case from the 170th District Court in McLennan County, Texas.

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the case is between citizens of different states.

7. Venue in this Court is proper because Plaintiff filed his Original Petition in state court in McLennan County, Texas, and this case was removed pursuant to 28 U.S.C § 1441.

## FACTUAL BACKGROUND

8. Plaintiff John Cathey is a part owner of Blue Star Materials, LLC ("Blue Star"), a Texas limited liability company, which operates a limestone quarry in Chico, Texas.

9. Defendant David R. Keesling is a licensed attorney and member of the Oklahoma Bar. Keesling also practices in Texas through pro hac vice admission. At the time the Original Petition was filed in this matter, and at all times relevant to this case, Keesling was a partner of Defendant RRBK, an Oklahoma based law firm. The Original Petition was served on Defendants on May 20, 2014. On information and belief, RRBK terminated Keesling's employment for cause shortly after being served with the petition. RRBK is now known as "Richardson Richardson Boudreaux," but Plaintiff will continue to refer to the firm as RRBK.

10. John Cathey and Rodney Smithey discovered limestone deposits in Chico, Texas and decided to create an enterprise—Blue Star—to operate a quarry to mine the limestone.

11. In 2009, when Blue Star was created, Howard Baskin, the attorney representing John Cathey and Rodney Smithey in the creation of Blue Star, introduced Cathey and Smithey to Steve Loftus as a potential investor. Steve Loftus and his related entity Landmark Metals, LLC ("Landmark") agreed to invest in Blue Star in exchange for a grant of a fifty-percent (50%) interest in Blue Star to Landmark.

12. Initially, Baskin, Cathey, and Smithey were to manage Blue Star. However, since acquiring the fifty-percent (50%) interest in Blue Star, Loftus and Landmark have attempted to gain greater control of Blue Star and to dilute Cathey's and Smithey's ownership interest in the company through capital calls and other maneuvers. These ownership and management disputes led to litigation.

13. In 2011, Cathey retained Defendant RRBK based on a personal relationship with Gary Richardson to represent him in the litigation that arose. Defendant Keesling eventually took over the representation of Cathey. At all relevant times leading up to this lawsuit, Keesling represented Cathey as an attorney and partner of RRBK.

14. The litigation eventually led to a November 2011 settlement agreement regarding Cathey's ownership interests and involvement with Blue Star. Defendant Keesling was the primary RRBK attorney representing Cathey in the settlement agreement and urged Cathey to accept the agreement.

15. Cathey was advised by Keesling that the purpose of the November 2011 settlement agreement was to restore Cathey's membership interest in Blue Star and to secure his membership interest moving forward from the settlement agreement. Cathey was advised by Keesling that

signing the settlement agreement would prevent further capital calls and other maneuvers by Loftus and Lankmark from interfering with his ownership interest in Blue Star. Keesling made these representations to Cathey telephonically during October 2011, leading up to the eventual signing of the settlement agreement. During these conversations, Cathey was in Waco, Texas. On information and belief, Keesling was in Tulsa, Oklahoma each time. Keesling also made these representations in person during a meeting with Cathey and Rodney Smithey, which took place at the offices of Nesbitt, Vassar, McCown and Roden, LLP, in Addison, Texas, in November 2011.

16. Contemporaneous with the negotiation and ultimate execution of the November 2011 settlement agreement and as inducement by Keesling and RRBK to convince Cathey to execute the settlement agreement, Cathey and RRBK entered into an agreement whereby RRBK and Keesling would continue to represent Cathey in all matters related to Cathey's ownership of Blue Star for a period of time extending to at least November 2012. In exchange for RRBK's representation in the litigation and for this continued representation, RRBK and Keesling received $500,000.00, plus possibly a ten-percent (10%) interest in Blue Star. In late October 2011, Keesling represented to Cathey that he and RRBK would continue to represent Cathey through the completion of all settlement terms and beyond during a telephone conversation with Cathey. Cathey was in Waco, Texas, when this telephone conversation took place, and on information and belief, Keesling was in Tulsa, Oklahoma. Cathey had been reluctant to execute the proposed settlement agreement and Keesling was attempting to convince Cathey to accept the agreement when he made these representations over the phone. Subsequently, at the meeting referenced above, which took place in Addison, Texas, at the offices of Nesbitt, Vassar, McCown and Roden, LLP, Keesling affirmed that he and RRBK would continue to represent Cathey (and Smithey) a year following the settlement agreement. Keesling made further confirming statements regarding

the agreement to continue to represent Cathey at a meeting that took place on March 2, 2012, at the Blue Star quarry in Chico, Texas.

17. After the November 2011 settlement agreement, Cathey and Smithey resumed their involvement with Blue Star and Blue Star operated successfully for several months.

18. In February 2012, Rodney Smithey suffered an aneurism, which prevented him from being involved in the daily management of Blue Star. Immediately before his aneurism, Smithey had been serving as the Manager of day-to-day operations at the Chico Quarry. Smithey's absence caused new conflict between Loftus, Landmark and other owners of Blue Star regarding management and ownership of Blue Star.

19. On March 19, 2012, while still retained as Cathey's attorney, Keesling was appointed as Smithey's agent to take action and make decisions regarding Blue Star.

20. On April 3, 2012, while still retained as Cathey's attorney, Keesling was appointed as a co-manager of Blue Star. While acting as agent and co-manager, Keesling played a role in making important financial decisions for Blue Star and had significant input into the discussion of whether or not to sell Blue Star.

21. By accepting the role of co-manager and ostensibly owning an interest in Blue Star while still acting as Cathey's attorney, Keesling created a conflict of interest that impaired his ability to exercise independent professional judgment on Cathey's behalf. Further, Keesling never discussed the conflict of interest with Cathey.

22. During April and May 2012, while acting as Smithey's agent and co-manager of Blue Star, and while still retained as Cathey's attorney, Keesling is suspected to have engaged in numerous communications and transactions with Steve Loftus and other individuals resulting in his own personal benefit, all while failing to adequately represent or protect Cathey's interest in

Blue Star. During this time, Keesling was often inaccessible to Cathey and failed to advise him on crucial decisions regarding Cathey's interest in Blue Star. Keesling acted with disregard for Cathey's objective of protecting his ownership interest in Blue Star, and instead made decisions for Keesling's own gain. During these months, RRBK and Keesling failed to enforce the settlement agreement that they had advised Cathey to enter in November 2011.

23. In March 2012, Cathey was sued as a Defendant in Cause # DC-12-03002 in Dallas County, Texas, styled *RKM Utility Services, Inc., et al vs. Rodney Smith, et al*, over ownership interests and other matters involving the quarry and related business. RRBK and Keesling ultimately refused to represent Cathey, even after their promises and representations. As a result of RRBK and David Keesling's conduct Cathey was forced to hire additional counsel to represent him and was required to pay thousands of dollars in additional attorneys' fees. In late May or early June 2012, Keesling and RRBK abruptly ended their representation of Cathey in all matters related to Blue Star.

24. At the time of this lawsuit, John Cathey is on the verge of losing his entire remaining ownership interest in Blue Star. Cathey signed the November 2011 settlement agreement on the advice of Keesling, believing it would protect his interest in Blue Star; however, the settlement agreement proved to be ineffective. Keesling not only failed to represent and protect Cathey's interest in Blue Star as agreed to in their continued representation agreement, but Keesling created a conflict of interest that he failed to disclose to Cathey and is suspected to have taken steps to benefit himself while acting as co-manager of Blue Star and still representing Cathey, all to the detriment of Cathey and his ownership in Blue Star.

## CAUSES OF ACTION

**Breach of Fiduciary Duty**

25. Plaintiff references the factual allegations outlined above in support of this action for breach of fiduciary duty. Due to the attorney-client relationship between John Cathey, RRBK and David R. Keesling, Defendants owed Plaintiff Cathey certain fiduciary duties including duties of loyalty and of good faith and fair dealing.

26. Defendants breached these fiduciary duties by: (1) entering into business with their client, thereby creating a conflict of interest; (2) failing to disclose this conflict to their client; and (3) failing to obtain their client's consent to continue the representation. By entering into business with their client, Defendants also violated Texas Disciplinary Rules of Professional Conduct Rule 1.08(a), which they are subject to due to their pro hac vice admission to the Texas Bar. Further, Keesling breached his fiduciary duties by entering into transactions in his capacity as co-manager of Blue Star for his own benefit and at the detriment of his client.

27. As a result of Keesling's breach of fiduciary duties owed to Cathey, Cathey has been directly and proximately damaged through the dilution of his membership interest in Blue Star. Further, Cathey's entire remaining membership interest in Blue Star is at risk. Keesling, on the other hand, has benefited from breaching these duties.

**Professional Negligence**

28. Plaintiff references the factual allegations outlined above in support of this action for professional negligence against RRBK and Keesling.

29. An attorney-client relationship existed between Cathey and RRBK and Keesling. In representing a client, an attorney is required to exercise reasonable and ordinary care and diligence in applying the attorney's skill and knowledge to the client's matters.

30. RRBK and Keesling failed to exercise the appropriate standard of care in representing Cathey when they: (1) failed to enforce the November 2011 settlement agreement; (2) refused to represent Cathey in the March 2012 lawsuit; (3) were unavailable and unresponsive to Cathey's attempts to contact them; and (4) abruptly ended their representation of Cathey in all matters related to Blue Star in June 2012, a time that was critical to Cathey.

31. As a result of the negligence of RRBK and Keesling, Cathey has directly and proximately suffered damage through the dilution of his ownership interest in Blue Star and having to pay additional attorney's fees for representation in the March 2012 suit.

**Fraud**

32. Plaintiff references the factual allegations outlined above in support of this action for fraud against Defendant Keesling.

33. Defendant Keesling made representations to Plaintiff in connection with the 2011 settlement agreement and the agreement to continue representation of Plaintiff in matters related to Blue Star, both in phone conversations in late October 2011 and at a meeting in November 2011, in Addison, Texas. The representations were material representations because Plaintiff would not have agreed to the settlement absent the representations. The representations made by Defendant Keesling were false. Defendant Keesling knew these representations were false or made them recklessly without any knowledge of the truth and as a positive assertion.

34. Defendant Keesling made the representations with the intent that Plaintiff would act on the representations by entering the respective agreements. Plaintiff did in fact rely on the representations in making his decisions to enter the agreements and was induced to enter the agreements by the representations. As a result of Defendant Keesling's representations Plaintiff suffered damages including dilution of his ownership interest in Blue Star, loss of the benefit of

the services promised to him, and attorney's fees that he should not have otherwise incurred in the 2012 lawsuit discussed above.

## DAMAGES

35. Plaintiff Cathey seeks damages in excess of $1,000,000.

36. Plaintiff references the factual allegations in paragraphs 32 through 34 above. Based on these allegations, Plaintiff seeks recovery of exemplary damages pursuant to Texas Civil Practice and Remedies Code Section 41.003, which provides that such damages are recoverable if it is proven by clear and convincing evidence that the harm to Plaintiff resulted from fraud.

## JURY DEMAND

37. Plaintiff demanded a jury and tendered the appropriate fee with his state court petition. This case is currently set for jury trial on March 9, 2015.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that upon final trial, Plaintiff have and recover the following:

(1) Judgment against Defendant for actual damages as defined above, with pre-judgment interest as provided by law;

(2) Exemplary damages as allowed by law;

(3) Post-judgment interest;

(4) Costs of suit; and

(5) Such other and further relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

        **PAKIS, GIOTES, PAGE & BURLESON, P.C.**
        400 Austin Avenue, Suite 400
        Post Office Box 58
        Waco, Texas   76703-0058
        (254) 297-7300
        (254) 297-7301   *Facsimile*
        deaconson@pakislaw.com

        By:   */s/ David N. Deaconson*
              **DAVID N. DEACONSON**
              Bar Card No. 0567340

        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of January, 2015, I prepared and electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Greg K. Winslett | Bruce A. Campbell |
| Lindsey L. Reinhardt | Campbell & Chadwick, P.C. |
| Quilling, Selander, Lownds, Winslett & Moser, P.C. | 4201 Spring Valley Road, Ste. 1250 |
| 2001 Bryan Street, Suite 1800 | Dallas, Texas 75244 |
| Dallas, Texas  75201 | (972) 277-8585 |
| (214) 871-2100 | (972) 277-8586 – *Facsimile* |
| (214) 871-2111 – *Facsimile* | bcampbell@cllegal.com |
| gwinslett@qslwm.com | |
| lreinhardt@qslwm.com | |

        */s/ David N. Deaconson*
        **DAVID N. DEACONSON**